# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANEEN WILLIAMS,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 1:12-1717 |
| v | : (CONNER, D.J.) <br> (MANNION, M.J.) |
| **COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE** | : <br> : |
| **Defendant** | : |

## REPORT AND RECOMMENDATION[1]

The plaintiff filed her *pro se* complaint on August 28, 2012, alleging a civil rights violation. (Doc. No. 1). On that same day, the plaintiff filed an appropriate motion to proceed *in forma pauperis*. (Doc. No. 2). On September 4, 2012, the undersigned issued an order granting her motion to proceed *in forma pauperis* and ordering service of the complaint upon the defendant. (Doc. No. 4). On November 4, 2012, the defendant filed a motion to dismiss for failure to state a claim, (Doc. No. 7) and on November 19, 2012, filed a supporting brief. (Doc. No. 11). On November 6, 2012, after the filing of the motion to dismiss, the court set a date for a telephonic Case Management Conference. (Doc. No. 8).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

On December 7, 2012, counsel for the defendant contacted the court by letter stating her inability to reach the plaintiff. (Doc. No. 10). Due to this information, the court issued an order setting a new date for the case management conference and instructing the plaintiff to contact the court immediately and to provide the court and defendant's counsel a telephone number where the plaintiff could be reached. (Doc. No. 11)[2]. On December 17, 2012, defendant's counsel contacted the court by phone and by e-filing a letter indicating further attempts that were made to contact the plaintiff, but with no success. (Doc. No. 12).

The plaintiff has not complied with this court's order.

The plaintiff's failure to comply with this Court's order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

---

[2]The Court notes that both orders mailed to the plaintiff were not returned by the postal service due to an inability to serve.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: 'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

*Kenney v. Cal. Tanker Co.,* 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this Court.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and this Court's inherent powers.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: December 20, 2012**

O:\shared\REPORTS\2012 Reports\12-1717-01.wpd